UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 13-20434-C-13 |
| LORRAINE M. CORTEZ, | § | (CHAPTER 13) |
|     DEBTOR | § | |

CHAPTER 13
AGREED ORDER CONDITIONING AUTOMATIC STAY (HOME)
(This Order resolves Docket #50)

    1.    This Order concerns the note that is secured by the Debtor's home and that is held, directly or in its capacity as agent for the holder, by Bruce Callaway ("Movant"). The property that is the subject of this motion is Lot 8, Block 7, Monterrey Gardens Unit 4, a Subdivision of the City of Corpus Christi, Nueces County, Texas, known as 1806 Loritte, Corpus Christi, TX 78416 (the "Property"). Notices sent pursuant to this Order must be sent to Bruce Callaway, 4502 St. Staples, Corpus Christi, TX 78411 (if to Movant) and to Lorraine M. Cortez, 1806 Loritte, Corpus Christi, TX 78416  (if to Debtor).

    2.    By signing below, the Debtor(s) represent to the Court that the Debtor(s):

    A.    If they are a salaried or wage employee, are currently operating under a wage order or have submitted all information to the chapter 13 trustee for the presentation of a wage order to the Court.

    B.    If they are not a salaried or wage employee, are currently operating under an automated clearinghouse order or have submitted all information to the chapter 13 trustee for the presentation of an automated clearinghouse order to the Court.

    3.    The parties stipulate that Movant should be awarded attorneys fees and costs in the amount of $676.00 (this total is referred to as the Delinquent Payment Amount). The Delinquent Payment Amount will be reduced by any payments previously made by the Debtor(s) that have not been properly credited by Movant. Debtor shall pay Movant directly the Delinquent Payment Amount in four (4) installments of $169.00 each on March 7, 2014, April 7, 2014, May 7, 2014 and June 7, 2014. If the Debtors are required to file a modification or pay the Delinquent Payment Amount and fail to do either, it is a Final Default under this Order.

    4.    The Debtor(s) must:

    A.    Timely make all regular payments concerning the Property, including all payments of principal, interest and escrows, beginning with the next regular payment due on February 1, 2014. If the plan is modified, payments should be made through the chapter 13 trustee in accordance with the chapter 13 trustee's mortgage payment

       procedures (unless otherwise ordered by the Court).

B. Maintain insurance and pay all ad valorem taxes on the property and provide continuous proof of insurance and payment of ad valorem taxes to the holder of the note. This provision does not apply to escrowed taxes and insurance, payment of which is governed by paragraph 4A.

C. Timely make all post-petition payments which are secured by the Property and which are required to be made to any community or homeowners association or pursuant to any condominium or townhome declaration.

D. Make all payments due to the chapter 13 trustee after the date of this Order, with the amount of such payments being made in the amount required under the proposed modification.

5. If the Debtor fails to comply with paragraph 4 of this Order or make a payment by insufficient check, the Movant must give the Debtor and Debtor's counsel written notice by regular and by certified mail. If the Debtor fails to comply within 14 days of the date that notice was sent, it is a Final Default under this Order. Movant is only required to send two notices of default under this order. If there is a third failure to comply with paragraph 4, it is a Final Default and no further notice of an opportunity to cure must be given.

6. The automatic stay remains in effect until (i) there is a Final Default under this order; (ii) this case is dismissed; or (iii) the Debtor(s) receive their bankruptcy discharge. If the stay terminates because there is a Final Default, the Movant must file a notice of termination of the automatic stay. The Debtor may challenge any notice of termination by filing a motion to set aside the notice of termination. The motion must be filed within 14 days of the filing of the notice of termination. Pending consideration of the motion by the Court, the Movant may proceed with all actions preparatory to foreclosure, but may not consummate a foreclosure of the Property. Any co-debtor stay terminates at the time that the automatic stay terminates.

7. If the Court denies approval of a modification proposed by the Debtor, the Court will reconsider Movant's requested relief from the stay. In such an event, Movant should calendar the reconsideration for a hearing on a § 362 hearing day after the expiration of 14 days from the date on which approval of the proposed modification is denied.

Signed: _____

_____
Richard S. Schmidt
U.S. Bankruptcy Court Judge

AGREED TO:

| | |
|---|---|
| */s/ Ralph Perez* | */s/ Kevin M. Maraist* |
| Ralph Perez | Kevin Maraist |
| State Bar No. 24051893 | State Bar No. 12962020 |
| CAVADA LAW OFFICE | ANDERSON, LEHRMAN, BARRE |
| 4646 Corona, Ste. 165 | & MARAIST, LLP |
| Corpus Christi, TX 78411 | Gaslight Square |
| 361-814-6500 | 1001 Third St., Suite 1 |
| 361-814-8618 fax | Corpus Christi, TX 78404 |
| ATTORNEY FOR DEBTOR, | 361-884-4981 |
| LORRAINE M. CORTEZ | 361-884-1286 fax |
| Email: ralph.perez@cavadalawoffice.com | ATTORNEY FOR BRUCE CALLAWAY |
| | Email: kmaraist@albmlaw.com |